**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Case No. _____

NOBLE HOUSE HOME FURNISHINGS, LLC,

      Petitioner,

v.

IVGSTORES, LLC,

      Respondent.

_____/

**PETITION TO CONFIRM AND ENFORCE FINAL ARBITRATION AWARD**

Petitioner Noble House Home Furnishings, LLC ("NHHF") respectfully submits this petition to obtain confirmation and enforcement of final arbitration award (the "Award") in its favor and against Respondent ivgStores, LLC ("IVG" or "Respondent") and for entry of a final judgment in conformity with the Award. In support of this petition, NHHF states as follows:

**Nature of the Petition**

1.      This is a petition filed pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to confirm and enforce the Award entered by a sole arbitrator pursuant to an arbitration agreement between NHHF and IVG, and to enter a final judgment in conformity with the Award.

**Parties, Jurisdiction, and Venue**

2.      NHHF is a Delaware limited liability company with its principal place of business in California.

3.      IVG is a Florida limited liability company with its principal place of business in Hallandale, Florida.

4.      The Award that is the subject of this petition was rendered pursuant to agreements

entered into by the Parties as referenced in the Award.

5. The amount at issue in this action exceeds the sum of $75,000, exclusive of interest, costs, and attorneys' fees.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because NHHF is a citizen of a foreign state and IVG is a citizen of this State, and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees.

7. IVG is subject to the jurisdiction of this Court because its principal place of business is in Florida and it conducts business in Florida.

8. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because the arbitration agreements between the Parties provide that judgment upon the Award may be entered by any court of competent jurisdiction, IVG resides in Florida, and a substantial part of the events or omissions giving rise to the claims adjudicated by the Award occurred in this District.

## Facts Available to All Counts

9. On or about February 28, 2019, NHHF and IVG entered into a Supplier Agreement (the "Supplier Agreement"), a complete copy of which is attached hereto as Exhibit A.

10. Section 9 of the Supplier Agreement provides:

> **Dispute Resolution.** In case of any possible disputes arising out of this Agreement, the Parties will try to settle those disputes amicably between themselves. All negotiations pursuant to this Section are confidential and will be treated as compromise and settlement negotiations for purposes of evidentiary rules. Any dispute arising out of or relating to this Agreement which is not resolved by the Parties will be resolved by final and binding arbitration conducted in Miami, Florida under the then current JAMS Streamlined Arbitration Rules if the dispute is less than $250,000 and JAMS Comprehensive Dispute Resolution Rules for disputes in excess of $250,0000, provided however, Company retains the right to apply to any court of competent jurisdiction worldwide to protect and enforce its intellectual property and other rights. The decision of the arbitrator will be final and may be sued on or enforced by the party in whose favor it runs in any court of competent jurisdiction at the option of such Party. The Parties will have such discovery rights as the arbitrator may allow.

11. A dispute arose between the Parties as a result of IVG's breach of the Supplier Agreement.

12. As a result of IVG's conduct, and as required by the Supplier Agreement, NHHF initiated arbitration proceedings with JAMS (the "Arbitration Proceeding").

13. JAMS appointed the Honorable (Retired) John W. Thornton (the "Arbitrator") as the arbitrator to preside over and adjudicate the Arbitration Proceeding.

14. After the parties submitting pre-hearing briefs but before the Arbitrator held a final hearing, the parties settled their dispute in principle.

15. On September 29, 2020, the Arbitrator entered an Order Enforcing Settlement Agreement and Ordering Funds Released From Escrow, ruling that a settlement agreement and release annexed to that order (the "Settlement Agreement and Release") was determined to be enforced and effective as of August 7, 2020.  A copy of the September 29 Order, including the Settlement Agreement and Release as an exhibit, is attached hereto as Exhibit B.

16. The Settlement Agreement obligated IVG to pay to NHHF $500,000 plus interest pursuant to a payment schedule set forth in the Settlement Agreement.

17. IVG failed to adhere to the payment schedule set forth in the Settlement Agreement, placing IVG in default of that agreement.

18. IVG failed to cure the default within the time prescribed by the Settlement Agreement.

19. Pursuant to the Settlement Agreement, IVG's failure to cure the default entitled NHHF to enforce a Stipulation for Entry of Award (the "Stipulation").

20. The Stipulation provides, in pertinent part, that:

The Parties agree that the Stipulation and any award that follows: (a) was not

procured by corruption, fraud, or undue means; (b) there is no evidence of partiality or corruption of the issuing arbitrators; (c) that none of the issuing arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; (d) that none of the of the issuing arbitrators were guilty of any other misbehavior by which the rights of any party have been prejudiced; (e) none of the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made; (f) there was a valid agreement to arbitrate between the Parties; and (g) the arbitration in the Lawsuit was conducted with proper notice of the initiation of an arbitration as required in section 682.032, Florida Statutes.  IVG further agrees to waive all defenses to any action filed by NHHF to enforce an award entered pursuant to this Stipulation

21. On October 18, 2020, the Arbitrator entered the Award, a copy of which is attached hereto as Exhibit C.

22. The Award found that NHHF shall recover from IVG $457,487.18, plus post-judgment interest at the rate of 18% on $453,899.30 at a *per diem* rate of $223.73.

23. The Award only calculated interest through October 15, 2020. *See* Exhibit C at ¶ 9.

24. The additional interest accrued since entry of the Award through the filing of this Petition is $2,461.03.

25. The Award further found that the Arbitrator had the requisite jurisdiction to enforce the Settlement Agreement and that the Award was final and binding on IVG.

26. NHHF seeks confirmation of the Award and entry of a final judgment in conformity with the Award.

27. The Award is a complete and final adjudication of the claims and defenses asserted by NHHF and IVG in the Arbitration Proceeding and was made in accordance with the terms and provisions of the Supplier Agreement and the arbitration clauses contained therein.

## Count I
## Confirmation Pursuant to Federal Arbitration Act

28. NHHF realleges and incorporates paragraphs 1 through 26 as if fully set forth herein.

29. 9 U.S.C. § 9 provides that:

[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. . . .

30. Based on the facts set forth above and the findings and rulings in the Award, which are incorporated herein by reference, NHHF is entitled to confirmation of the Award and entry of a judgment from this Court providing for post-judgment interest in conformity with the Award.

**WHEREFORE**, NHHF respectfully requests: (1) an order confirming the Award in favor of NHHF and against IVG; (2) entry of a final judgment, a proposed form of which is attached hereto as Exhibit D, in its favor and against IVG in the amount of $459,948.21, plus $223.73 for each day between the date this action was filed and the date of entry of a final judgment, plus post-judgment interest to accrue at 18%; and (3) any other or additional relief the Court deems just and proper.

|  |  |
|---|---|
| Dated:  October 26, 2020 | Respectfully submitted, |

MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
      Yaniv Adar, Esq.
      Florida Bar No. 63804
      yaniv@markmigdal.com
      Joshua A. Migdal
      Florida Bar No. 19136
      josh@markmigdal.com
      eservice@markmigdal.com